**E-filed 3/21/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KAREN L. GARCIA,<br><br>            Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. C 04-05426 JF<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[Docket No. 13, 20, 22] |

      Plaintiff Karen L. Garcia seeks reversal of the decision by the Commissioner of Social Security ("Defendant") denying her disability insurance benefits. The challenged decision was rendered by Administrative Law Judge Brenton L Rogozen (the "ALJ") on July 30, 2004. The ALJ's decision became final on October 1, 2004, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision. Plaintiff filed a motion for summary judgment or remand on June 7, 2005. Defendant filed a cross-motion for summary judgment on August 4, 2005. Plaintiff filed a reply on August 22, 2005. The matter was submitted without oral argument.

---

    [1] This disposition is not designated for publication and may not be cited.

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

## I. BACKGROUND

Plaintiff, who was 42 years old at the time of the hearing, has a GED level education and past relevant work experience as a telephone sales person, department assistant/secretary, security guard, used car washer, and waitress. She filed her application for disability insurance benefits on June 14, 1999, alleging inability to work due to Dercum's disease (adiposis dolorosa), obesity, back pain, multiple joint pains, headaches, fibromyalgia, and depression. Transcript of Proceedings ("TR"), p. 26. The application was denied initially and on reconsideration. Plaintiff requested and received a hearing before an ALJ (T. Patrick Hannon), who found that Plaintiff was not disabled on August 17, 2001. TR, pp. 62-71. On appeal, the Appeals Council reviewed and vacated ALJ Hannon's decision, and remanded the case for further review. On March 29, 2004, Plaintiff appeared before ALJ Rogozen in the presence of a vocational expert Ron Morrell. TR, pp. 20-28.

The ALJ found that Plaintiff has not performed substantial gainful activity during the adjudicative period. TR, p. 27. He further found that Plaintiff has mild degenerative joint disease and obesity, both of which are considered severe medically determinable impairments for the purpose of determining eligibility for Social Security disability benefits. 20 C.F.R. § 404.1521. Nevertheless, Plaintiff was found "not disabled." According to the ALJ, Plaintiff's impairments did not meet or equal the criteria of impairments listed in Appendix 1 to subpart P of regulations No. 4 ("Listing"). *Id.* The ALJ also found that Plaintiff's allegations of disabling pain are not credible and that she has the physical ability to lift and carry weight and has no mental limitation. *Id.* The ALJ determined that Plaintiff is able to perform her past work. *Id.*

## II. LEGAL STANDARDS

**A. Standard for Reviewing the Commissioner's Decision**

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper

2

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1  legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966
2  F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more
3  than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable
4  mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also*
5  *Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the
6  Commissioner's decision, the Court examines the administrative record as a whole, considering
7  adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d
8  498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation,
9  the Court must defer to the decision of the Commissioner. *Moncada,* 60 F.3d at 523; *Drouin*,
10 966 F.2d at 1258.

**B. Standard for Determining Disability**

A person is "disabled" for purposes of receiving social security benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Drouin*, 966 F.2d at 1257. The Commissioner follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments which significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does not meet or

3

equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[2] to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a *prima facie* case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work; the determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R.§§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

### III. DISCUSSION

The disputed issues center on: (1) whether the ALJ's findings with respect "severe" impairments were improper and unsupported; (2) whether the ALJ improperly rejected the opinions of Plaintiff's treating physicians'; and (3) whether the ALJ properly disregarded Plaintiff's allegations of subjective pain.

**A. Consideration of Severe Impairments**

Plaintiff asserts that the ALJ improperly considered only her obesity and mild degenerative disc disease as severe impairments and failed to consider Dercum's disease[3] at the step two analysis. The ALJ has a duty to develop the record fully and fairly and conduct appropriate inquiry. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Generally speaking, "greater weight must be given to the opinion of treating physicians, and in the case of a

---

[2] A claimant's residual functional capacity is what he or she can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3] Dercum's disease is characterized by the development of painful or tender fatty deposits in the subcutis, usually in obese menopausal women, often accompanied by psychic disturbances, ecchymoses, weakness, and asthenia theat develop with progression of the disease. There is a predilection of the fat tissue to be deposited in the extremities, especially near the joints. TR, p. 894.

4

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

conflict 'the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.'" *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, the ALJ discussed treating physician Dr. Greg Enns' diagnosis of "probable" Dercum's disease and treating physician Dr. Dale Helman's diagnosis of Dercum's syndrome, but failed to consider the diagnoses of two other treating physicians, Drs. Jenny A. Schreck and Michael Suval. TR, pp. 21-22, 371, 374, 437, 899-902. Further, even though both Drs. Enns and Helman gave consistent diagnoses of actual or "strong possibility" of Dercum's disease,[4] the ALJ relied on the findings of consulting physicians to make the determination that Dercum's disease is not a severe impairment. TR, pp. 374, 378. The consulting physicians' reports include: (1) Dr. Hideki Garren's findings of minimal abnormality;[5] (2) Dr. Steven Mangar's note of "generalized deconditioning and obesity" from an opinion of a clinical pain therapist;[6] and (3) Dr. Clark E. Gable's finding of no multiple joint pains.[7] TR, pp. 21-23, 23, 749- 751.

"An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson*, 359 F.3d at 1195 (9th Cir. 2004) (citing *Tonapetyan*, 242 F.3d at 1149). Here, the ALJ did discredit Dr. Helman's diagnosis due to lack of a longitudinal physician/patient relationship and objective

---

[4] In particular, Dr. Enns noted that Plaintiff has a "history of painful subcutaneous nodules" and "unusual subcutaneous nodules."

[5] "There was no evidence of any joint swelling, inflammation or tenderness of the upper or lower extremities . . . An X-ray of the claimant's knees reveals normal joint space between both knees with no evidence of any degenerative changes. . . while the claimant might have joint pain, this would not limit her functional abilities."

[6] Dr. Mangar's initial diagnoses include myofascial pain and chronic lower back pain. Upon further evaluation, he noted that a physical therapist Nancy Mallick found that there was no focal findings of pain except generalized deconditioning and obesity. He also recommended treatment, including nonsterioidal anti-inflammatory medicines.

[7] Dr. Gable noted that there was no evidence of any fatty tumors about the ankles, no multiple joint problems, and no pressure points sufficient to substantiate a diagnosis of fibromyalgia. TR, p. 750.

5

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

medical findings. However, the ALJ did not discuss or even mention Dr. Schreck's medical report. Despite the fact that Dr. Schreck did not explicitly give a diagnosis of Dercum's disease and that she appeared to be a one-time treating physician, she did report in a check-mark form that Plaintiff was able to stand, sit, or walk for only 2 hours in an 8-hour workday; was able to carry or lift only 10-15 pounds; and was restricted in repetitive motion. TR, pp. 902-903. She also noted that Plaintiff "has a rare condition which causes diffuse pain with prolong activity or repetitive work." *Id.* These findings are in direct conflict with the opinions of consulting physician Dr. Gable.[8] TR, pp. 749-755. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson*, 359 F.3d at 1195 (9th Cir. 2004). Here, ALJ not only failed to provide any "specific" and "legitimate" reasons to credit Dr. Gable's opinion over that of Dr. Schreck, but also failed to consider Dr. Schreck's medical report at all.

**B. Improper Rejection of Treating Physicians' Opinions**

Plaintiff contends that the opinions of the treating physicians', Drs. Schreck and Suval, were improperly excluded from consideration by the ALJ. As discussed above, "the ALJ may disregard the opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" *Tonapetyan*, 242 F.3d at 1148. Here, Defendant properly points out that neither Dr. Schreck nor Dr. Suval provided objective evidence to substantiate the finding of Dercum's disease and Plaintiff's subjective description of her conditions. TR, pp. 26, 901-903, 1189-91. However, Dr. Shreck's opinion, which was ignored by the ALJ, is consistent with the opinions of treating physicians Drs. Enns and Helman, but in direct conflict with consulting physicians Drs. Garren, Gable, Ashley Cohen, and Ellison Chang. TR, pp. 21, 23-25, 365-369, 657-661, 749-751. Similarly, Dr. Suval's

---

[8] The ALJ stated that "Dr. Gable assessed the claimant had the ability to lift and/or carry up to 25 pounds frequently and 50 pounds occasionally; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently climb, balance and stoop and occasionally kneel, crouch and crawl." TR, pp. 23, 749-756.

6

opinions were consistent with the opinion of Drs. Enns and Helman, but inconsistent with the opinions of Drs. Garren, Gable, and Chang. Because the ALJ must give "specific and legitimate reasons supported by substantial evidence in the record" for rejecting treating physician's medical conclusions, the failure to discuss Drs. Schreck and Suval's opinions is erroneous.

**C. Rejection of Plaintiff's Symptom Reporting**

Plaintiff also asserts that the ALJ disregarded her symptom-reporting at both hearings without clear and convincing reasons for rejection. TR, pp. 1141-1158, 1164-1184. "The ALJ must engage in a two-step analysis" when deciding whether to admit a claimant's subjective symptom testimony. *Batson*, 359 F.3d at 1196 (2004) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The first step requires the claimant to "produce objective medical evidence of underlying 'impairment,'" and "show that the impairment, or a combination of impairments, 'could reasonably be expected to produce pain or other symptoms.'" *Id*. If the first part of the test is satisfied and if the ALJ's credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.*

Here, Plaintiff testified that she was unable to work due to Dercum's disease, obesity, back pain, headaches, fibromyalgia, depression, and memory problems. TR, pp. 189-192, 217-218, 220-221, 1141-1158, 1164-1184. Relying on mostly consulting physicians' medical reports and findings, the ALJ concluded that Plaintiff's allegations were not credible. TR, pp. 25-26, 750-751. In addition, the ALJ noted that Plaintiff "has not taken any anti-depressant medications for the past 3 years" and thus concluded that her depression was not as severe as she alleges. As discussed above, the ALJ did not indicate how he resolved the conflicting opinions of treating and consulting physicians. The ALJ also ignored other evidence provided by Plaintiff to support her credibility. For example, Plaintiff submitted a statement from registered nurse Carol Beatty, indicating that Plaintiff was not taking an antidepressant because of her past problems with various antidepressants and their "negative impact on her liver." TR, p. 746.

In light of the entire record, the Court concludes that matter should be remanded so that the ALJ expressly may resolve conflicts between the opinions of Plaintiff's treating and consulting physicians and may reconsider Plaintiff's subjective pain allegations once the conflicts in the medical evidence are resolved.

## IV. ORDER

Good cause therefore appearing, IT IS THEREBY ORDERED that

(1) Plaintiff's motion for remand is GRANTED;

(2) Defendant's cross-motion for summary judgment is DENIED; and

(3) The Clerk of the Court shall administratively close the file.

DATED: 3/21/06

JEREMY FOGEL
United States District Judge

8

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1  This Order has been served upon the following persons:

3  James Hunt Miller jimillaw@rcn.com, jim_miller0@yahoo.com

4  Sharon Sands sharon.sands@ssa.gov

5  Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

9

Case No. C 04-05426 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)